By the Court,
Nelson, Ch. J.
The.most important question in this case is, whether the commissioners were justified in laying out the road through the corn-house of the plaintiff.
The statute which in terms forbids the laying out of roads through buildings, &c. without the owner’s consent, (1 R. S. 511, § 61, 2d ed.) should be liberally construed so as to effectuate the obvious intent of it, which is, to protect the permanent buildings and fixtures of the occupant over whose land a road is contemplated. But the court, in construing it, should also guard against abuses of the protection thus afforded, and see that it is not perverted to ends never intended by the legislature. It is manifest that the erection or removal of a building, after an application for a highway, for the very purpose of defeating it, presents a case not within the mischief intended to be guarded against. It is the fault of the party himself if the. road passes through his building, not the operation of the law, or act of the commissioners. To say that any fixture erected upon the route at any time before a road is actually laid out, would enable an occupant at all times to defeat the law and prevent a highway through any part of his premises, is a proposition too absurd to be tolerated.
It is quite obvious from the return, that the plaintiff has no reasonable ground of complaint within this exposition of the statute, as his building was probably moved pending the application, and for the very purpose of defeating the proposed alteration. The commissioners, therefore, had a right to regard it as a building or fixture not within the contemplation of the law, or the mischief against which it was intended to guard.
Whether the old road not embraced within the new one was properly discontinued or not, is a question that cannot *445 affect the regularity of the proceedings in laying out the latter. If the former has not been discontinued, it is still competent for the commissioners to act in the matter. .But I see no reason to doubt that it has. The application was to alter the road according to the route described, and discontinue the old, so far as not included in the bounds of the new one. The certificate of the twelve freeholders is to the same effect, and the order of the commissioners prescribing the alteration expressly provides, that so much of the old road as is not embraced within the limits of the new one, shall cease to be any part of the road.
The freeholders and commissioners have both acted as well upon the subject of discontinuing the old, as of laying out the new road, and the proceedings are as effectual in the one instance as in the other.
Proceedings affirmed.